## UNITED STATES v. MADISON.

*(District Court, D. California. August 6, 1884.)*

PERJURY—TIMBER CULTURE ACT—OATH—WHO CAN ADMINISTER.
    To make a party liable to prosecution for perjury in a United States court, it does not matter that the oath taken by him when endeavoring to benefit by the "timber culture act" was taken before an officer authorized by a state, rather than one authorized by the United States to administer oaths.

Opinion Overruling Demurrer to Indictment.

*S. G. Hilborn,* U. S. Atty., and *Carroll Cook,* Asst. U. S. Atty., for the United States.

*W. W. Morrow,* for defendant.

HOFFMAN, J. It is not to be disputed that to constitute perjury or false swearing under the laws of the United States it must appear that the officer administering the oath was authorized to administer it by the laws of the United States of America. *U. S.* v. *Curtis,* 107 U. S. 671; S. C. 2 Sup. Ct. Rep. 507.

The section of the Revised Statutes (section 5292) under which this indictment in drawn, denounces in substance a false oath taken "before a competent tribunal, officer, or person," etc. The officer, tribunal, or person here referred to is an officer, tribunal, or person competent *under the laws of the United States* to administer the oath alleged to be false.

By the second section of the act of June 14, 1878, it is provided that the "person applying for the benefit of this act shall * * * make affidavit before the register or the receiver, or the clerk of *some court of record,* or officer *authorized* to administer oaths in the district where the land is situated." It is evident that the courts of record referred to include state courts of record as well as the United States courts. If the latter alone had been intended it would have been so stated. If the clerks of the United States courts were the only clerks of courts of record intended to be authorized to administer the oath, the expression "clerk of *some* court of record" is singularly inapt; and the object of the act, which is to encourage the growth of timber on the western prairies, would be to a considerable extent defeated, if the applicant is obliged, in the absence of the register and the receiver, to resort to the clerk of the circuit or of the district court, whose office may be remote from the district where the entry is to be made. If, then, as I cannot doubt, congress intended the affidavit to be made before the clerk of any court of record, the same policy demanded that the "officer authorized to administer oaths in the district where the land is situated should be an officer so authorized either by the state law or by the United States law." The words, "in the district where the land is situated," clearly point to a local officer residing or exercising his functions in the district, and who might be applied to without unnecessary expense or inconvenience.

If this be the true construction of the law, it follows that congress, by authorizing the affidavit to be taken before such officer, has rendered him *"competent"* to administer it as fully as the register or receiver, and the affidavit, if false, falls within the terms of the section under which the indictment is drawn.

It is not denied that the notary public, by whom the oath in this case was administered, was an officer authorized by the laws of this state to administer oaths in the district where the land is situated.

The demurrer must be overruled.